1

2

3

4

5

6

7

8                     IN THE UNITED STATES DISTRICT COURT

9                  FOR THE EASTERN DISTRICT OF CALIFORNIA

10    SAM CONSIGLIO,

11              Plaintiff,                    No. 2:12-cv-2212 EFB P

12         vs.

13    CALIFORNIA DEPARTMENT OF
      CORRECTIONS - BOARD OF PAROLE
14    HEARINGS, et al.,                       ORDER

15              Defendants.
      _____/

16

17         Plaintiff is a county inmate proceeding without counsel in an action brought under 42

18    U.S.C. § 1983.  Plaintiff commenced this action on August 24, 2012.  Dckt. No. 1.   On August

19    30, 2012, the court found that while a basis for venue may exist in this District, it was

20    appropriate "[f]or the convenience of the parties and witnesses" and "in the interest of justice" to

21    transfer the case to the Southern District of California pursuant to 28 U.S.C. § 1404(a).  Dckt.

22    No. 7.  On September 10, 2012, plaintiff moved for reconsideration of that order.[1]  Dckt. No. 9.

23    ////

24    ////

25    _____
      [1] Plaintiff's "motion" is actually a letter addressed to United States District Judge
26    Lawrence Karlton, who is not assigned to this case.

                                             1

Local Rule 230(j) requires that a motion for reconsideration state "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion," and "why the facts or circumstances were not shown at the time of the prior motion."  E.D. Cal., Local Rule 230(j)(3)-(4).

Plaintiff claims that venue in this district is proper because it is where all of the defendants reside and work, and because his "life is in grave and imminent danger."  Dckt. No. 9.  Plaintiff does not explain how the order transferring venue relates to his claim of his life being in danger, or otherwise show that the order transferring venue was improper.

A civil action, other than one based on diversity jurisdiction, must be brought in "(1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought." 28 U.S.C. § 1391(b).

The complaint includes allegations of being "falsely charged, convicted, and imprisoned . . . for over 16 months and still counting."  Dckt No. 1, § IV.  It also complains of due process violations in plaintiff's parole revocation proceedings.  *Id.*  As relief, plaintiff seeks damages, "dismissal with prejudice of all parole violation charges in this matter," to have "the original parole discharge date of 12/29/10," and to have "all records expunged in this matter."  *Id.*, § V.  Exhibits to the complaint show that the alleged violations of plaintiff's civil rights occurred in San Diego County, where plaintiff is also presently confined.

While venue may be appropriate in this district because it is were all defendants allegedly reside, venue is also appropriate in the Southern District because it is where plaintiff's claims arose.  Moreover, a civil rights action brought pursuant to 42 U.S.C. § 1983, challenges the *conditions* of the prisoner's confinement.  By contrast, a petition for writ of habeas corpus brought pursuant to 28 U.S.C. § 2254 challenges the *fact or duration* of his confinement.  Here,

1   plaintiff's claims and requested relief are related to the fact or duration of his confinement, and

2   in habeas corpus cases, venue is proper in the district of confinement, or in the district of

3   "conviction and sentencing."  28 U.S.C. § 2241(d).  For these reasons, transfer of this action to

4   the Southern District was appropriate.

5        Accordingly, **IT IS HEREBY ORDERED** that plaintiff's motion for reconsideration

6   (Dckt. No. 9) is denied.

7   DATED:  September 12, 2012.

                                                    EDMUND F. BRENNAN

                                           UNITED STATES MAGISTRATE JUDGE